

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 15, 1963

Hon. William A. Harrison
Commissioner of Insurance
State Insurance Building
Austin 14, Texas

Opinion No. C- 2

Re: Whether a certain security
deposit made pursuant to
Art. 7.15, Texas Insurance
Code, may be withdrawn even
though trust obligations of
the depositor are still out-
standing.

Dear Commissioner Harrison:

In your letter dated December 20, 1962, you requested the opinion of this office concerning the withdrawal of a deposit made pursuant to Article 7.15, Texas Insurance Code. You state that the State Treasurer is now holding the deposit which was made by Guaranty Title and Trust Company for the purpose of qualifying as a fiduciary under Article 7.14, Texas Insurance Code.

The Legislature expressly repealed Article 7.14 and 7.15 by Senate Bill 165, Acts 55th Leg. R.S. 1957, ch. 388, p. 1162.

You state that Guaranty Title and Trust Company transferred its entire trust operation, including all fiduciary duties and all property held in such capacity, to a corporation chartered under the Texas Banking Code pursuant to H.B. 226, Acts 57th Leg. R.S. 1961, ch. 125, p. 243. H.B. 226 provides that "the power and authority of such corporation to transfer and assign its fiduciary business to a State Bank or trust company--- shall expire on April 30, 1962." However, you enclosed with your request a letter from the Guaranty Title and Trust Company, which reflects that the transfer and assignment in question was executed prior to such expiration date. You state that Guaranty Title and Trust Company has since been merged into a corporation by the name of Guaranty Title Insurance Company and that this company has no authority to act in a fiduciary capacity and is engaged in a title insurance business.

Hon. William A. Harrison, page 2 (C- 2 )


House Bill 226 specifically authorized corporations, such as Guaranty Title and Trust Company, to transfer their trust operations to a corporation chartered under the Texas Banking Code. By the terms of H.B. 226 the successor corporation assumed and is now charged with the fiduciary obligations of Guaranty Title and Trust Company. It may be assumed that the Legislature intended a full substitution of the new bank and trust company by virtue of the provision in H.B. 226, which states that the naming of the predecessor corporation in wills and other instruments shall be deemed to be the naming of the successor bank or trust company.

You state that the successor corporation is a State Bank. State banks are not required to maintain a deposit with any state agency in order to exercise fiduciary powers. Art. 342-301, V.A.C.S., and Art. 7425b-25L, V.A.C.S., both as amended by S.B. 41, Acts 57th Leg. 1961, ch. 30, p. 44.

Therefore, it is our opinion that upon the transfer of its entire trust operation to a successor bank company pursuant to H.B. 226, the deposit of Guaranty Title and Trust Company was no longer required and it may now be withdrawn.

## SUMMARY

The security deposit of Guaranty Title and Trust Company made pursuant to Article 7.15, Texas Insurance Code, may be withdrawn.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _____
Dudley D. McCalla
Assistant Attorney General

DDM:lmc

-5-

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Frank Booth
Cecil Rotsch
Marietta Payne

APPROVED:

Stanton Stone, Executive Assistant
Waggoner Carr, Attorney General